Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4801 | **DATE** | March 23, 2012 |
| **CASE TITLE** | EXCAVATING, GRADING, ASPHALT, PRIVATE SCAVENGERS, AUTOMOBILE SALESROOM GARAGE ATTENDANTS AND LINEN AND LAUNDRY DRIVERS, LOCAL NO. 731 INTERNATIONAL BROTHERHOOD OF TEAMSTERS v. ILLINOIS CENTRAL SWEEPING, LLC | | |

**DOCKET ENTRY TEXT:**

Plaintiff's Motion [Docket Entry 43], which I interpret as a renewed motion to enforce the terms of the settlement agreement, is GRANTED.



## STATEMENT

Plaintiff Union (the "Union") filed a complaint on July 30, 2010 against defendant Illinois Central Sweeping, LLC ("ICS"), seeking to confirm and enforce two arbitration awards and to compel arbitration of two grievances. As of September 24, 2010, the Union had received no answer or other pleading, so they moved for a default judgment. I set the matter for a hearing on the default judgment, ultimately denying the default after ICS sought extensions of time. ICS's answer was eventually filed on November 4, 2010.

The Union filed an amended complaint on November 29, 2010, ICS answered after receiving an extension of time to January 7, 2011. At a status hearing held on February 23, 2011, the parties announced a likely settlement in the matter. The parties then returned on April 22, 2011 to confirm that a settlement had been executed on April 5, 2011. In accordance with the parties' wishes, I dismissed the matter without prejudice but retained jurisdiction to enforce the terms of the settlement agreement.

Three months later, on July 22, 2011, the Union returned to the court on a motion to enforce the terms of the settlement agreement and request for attorneys' fees under a provision of the settlement agreement. After hearing argument on the motion in a hearing held on August 4, 2011, I granted the motion, though I reserved ruling on the fees issue and set a further status for September 7, 2011. In the interim, on August 31, 2011, the Union moved for a rule to show cause, in effect arguing that ICS was not honoring my order of August 4, 2011. I set the matter for hearing on October 28, 2011 and, after hearing brief argument, continued the hearing to November 3, 2011 in order to hear the testimony of key witnesses involved in the implementation of the settlement. Two such witnesses were the auditor and ICS's President.

## STATEMENT

The hearing having been concluded, I grant the Union's motion for rule to show cause, which I interpret as a renewed motion to enforce the settlement agreement. The following items are specifically ordered:

1) In addition to providing the names of contractors with which it has done business, ICS is to provide to the Union a list of all jobs pending as of April 5, 2011 and those commenced after April 5, 2011. In detailing these jobs, ICS must include the nature of the work, the location where the work takes place, and any dates on which the work is to take place.

2) ICS is to provide to the Union all contracts and payroll information for all jobs undertaken by ICS after April 5, 2011 to allow the Union to monitor compliance with the Illinois Prevailing Wage Act.

3) ICS is to provide the Union's auditor all requested information necessary to conduct the payroll audit.

In addition to the above items that are required by order of this court, ICS must pay the Union's reasonable attorneys' fees in accordance with the Settlement Agreement. The provision regarding fees is unambiguous. It states "[s]hould [ICS] fail to comply with any of the obligations specified in this agreement, it shall be liable for and pay Local 731's costs and attorneys' fees incurred in connection with enforcing said obligations." Therefore, as a matter of the agreement the Union's fees must be paid.